Judge Marshall
delivered the Opinion of the Court.
This decree is for greatly too large a sum, unless Petty should be held accountable for a slave, Hannah, alleged to have been given by him to his daughter Susanna Taylor, on whose estate he administered, and who was the mother of the complainant. Whether he should be held thus accountable, depends upon the effect which should be given to his answer, and to the testimony for and against its denial.
The denial in the answer is express and positive ; and the matter being certainly within the knowledge of the defendant, it is entitled to as much weight as any answer denying an allegation in a bill not sworn to, can have. It cannot be overthrown but by the opposing testimony of two witnesses, or of one witness with corroborating circumstances. In this case, two witnesses are relied on, each of whom swears that, in a conversation with him, Petty stated that he had given the slave to the complainant’s mother, and intended to remunerate the complainant for having sold her. Neither of these witnesses proves directly the fact which is denied by the answer. Nor do the two concur in proving the same conversation; but each proves a separate admission to himself, of the fact which is denied on oath. In the case of an ordinary witness, the oaths of *599 two credible witnesses deposing to his separate statements, made deliberately and in direct contradiction of his own oath, would destroy the weight of his testimony, but such proof of his statements would not establish the fact denied by his oath, because his mere statements, not on oath, would themselves be incompetent to prove the fact stated. But as the deliberate admissions of a party interested are evidence against himself of the fact admitted, we are inclined to the opinion, that the proof of such admission, on two several occasions, by two credible witnesses, though deposing each to but one admission, should be deemed sufficient, in the absence of all other evidence, not only to neutralize the denial of the answer, but to prove, in opposition to it, the truth of the fact denied. In such a case, the testimony of each witness, singly, is sufficient to establish the admission to which he swears; and if it were not, each, by proving the same admission at different times, corroborates the other. And the repetition by a party of an admission contrary to his interest, adds to its weight as evidence against him.
But in such cases, the condition of the concession must be strictly adhered to; and if, upon the whole case, the evidence preponderates against the alleged admission, the answer must prevail.
An adm’r who, supported and educated the heir, with only $200 of his funds in his hands, is not chargeable with interest on the fund.
*599 We are of opinion, however, that, in conceding to such testimony by two witnesses, the effect of proving a fact denied by an answer on oath, the conditions of the concession must be strictly adhered to. The testimony must be such as to produce a conviction that the admission has been deliberately made and repeated; and if, upon the face of the testimony itself, or upon comparing it with other circumstances and proof in the cause, there be disbelief or serious doubt upon either of these points—or if, upon the whole case, the evidence in favor of the answer preponderates—the answer must prevail.
Applying the principle, thus guarded, to the evidence in the present case, we are of opinion, that the gift, alleged by the complainant, is not sufficiently established; and, therefore, the decree is erroneous in making the administrator liable for the slaves, as a part of the estate of Susanna Taylor.
We are, also, of opinion, that the administrator, having sustained and educated the complainant, from the *600 death of his mother until he was thirteen years of age, when the property of the decedent in his hands amounted only to about two hundred dollars, should not be chargeable with interest on that amount, during that period; but that he should be accountable for the principal, or so much thereof as may not then, or since, have been paid over to the proper person, for the use of the infant, with interest thereon from the time the complainant ceased to live with him, to the rendition of the decree.
Wherefore, the decree is reversed, and the cause remanded, with instructions to render a decree in conformity with this opinion.