## GARRETT *vs.* GARRETT'S HEIRS.

[BILL IN EQUITY TO ESTABLISH RESULTING TRUST IN LANDS PURCHASED WITH PARTNERSHIP FUNDS.]

1. *Weight of answer as evidence.*—When the allegations of the bill are denied by an answer under oath, it is incumbent on the complainant to sustain them by two witnesses, or by one with corroborating circumstances ; but mere verbal admissions, unless deliberately made, and established and identified with reliable certainty, are not sufficient to overcome the positive denials of a sworn answer.

2. *Evidence insufficient to prove resulting trust.*—In this case, the allegations of the bill, as to the purchase of lands with partnership funds, being denied by a sworn answer ; the complainant's only proof consisting of verbal admissions, casually made, and detailed after the lapse of fifteen or eighteen years by witnesses whose accuracy was shown to be unreliable ; there being also proof of similar admissions on the part of the complainant ; and no reason being shown for his long delay in the assertion of important rights unjustly withheld from him, when he was in destitute circumstances,—the evidence was held insufficient to establish a resulting trust in the lands.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. JAMES B. CLARK.

THE opinion of the court contains a full statement of all the facts deemed material to a correct understanding of the points decided.

J. E. BELSER, for the appellant.

L. E. PARSONS, *contra.*

WALKER, J.—The bill alleges that, in 1835, the complainant and John Garrett formed a partnership in merchandising, by the terms of which, John Garrett was to purchase the goods in his own name, and with his own credit and means, and the complainant was to sell the goods, and to attend to the active duties of the business ; and the two were to share equally the profits. It is farther alleged, that John Garrett purchased the goods, and the complainant sold them, and carried on the business, in pursuance to the agreement, for some time with profit and success ; that John Garrett speculated in Indian lands, with the profits of the partnership, some of which lands are unsold; and that John Garrett is a trustee for the complainant in one half the profits derived from the land speculations, and one half the lands remaining unsold. The object of the suit was, to charge John Garrett with whatever balance might be found against him on taking the partnership account in merchandising ; with one half the profits of the land speculations, and to establish for the complainant a title to an undivided half of the unsold land.

The complainant's entire case rests upon the averment of a partnership, and the investment of the partnership funds in land speculation by John Garrett. The answer of John Garrett distinctly denies the existence of any partnership between him and complainant, and denies the investment of any partnership funds in the purchase of lands, or any trust for the complainant in any land. The suit was instituted before the adoption of the Code, and the answer is on oath. Consequently, it was incumbent upon the complainant to sustain the above named allegations of the bill, by two witnesses, or one with corroborating circumstances.—23 Ala. 14; 21 *ib.* 92; 20 *ib.* 200; 16 *ib.* 600.

There is no legal testimony, contradicting the answer as to those allegations, save the proof of verbal admissions, repre-

sented to have been made by John Garrett. A positive responsive averment, in a sworn answer, may be overcome by mere proof of verbal admissions; but those admissions must appear to have been made deliberately and considerately, and must be established with reliable certainty, before an effect can be conceded to them equivalent to that of the testimony of two witnesses, or of one with corroborating circumstances. "When a verbal admission is deliberately made, and precisely identified, the evidence it affords is often of the most satisfactory nature"; nevertheless, "proof of mere verbal admissions of a party, unsustained by any other circumstances, should always be cautiously weighed, because of their liability to be misunderstood, the facility of fabricating them, and the difficulty of disproving them."—Hope v. Evans, 1 Smedes & Mar. Ch; R. 195; Conner v. Tuck, 11 Ala. 794; Bryan & McPhail v. Cowart, 21 Ala. 92 ; Love v. Braxton, 5 Call, 537; Petty v. Taylor, 5 Dana, 598; 3 Greenleaf on Evidence, Part VI, page 281, § 289 ; 1 *ib.* chap. XI, page 263, § 200 ; Brandon v. Cabiness, 10 Ala. 155.

The verbal admissions, claimed on the complainant's side to be sufficient to overturn the denials of the answer, are proved by George W. King, Blount S. Garrett, and his wife, Caroline Garrett. The depositions of Garrett and his wife were twice taken ; first in 1850, and then in 1854. The depositions thus taken at different times are not altogether consistent. Perhaps the inconsistency should have no other effect, than to impair confidence in their memories; but that becomes an important consideration, in testing the reliability of their testimony to conversations which occurred a great many years before. These witnesses say, that their relations are " kind, *very kind,*" towards complainant; while they admit previous difficulties with John Garrett, and the absence of all intimacy with him. The other testimony shows intensely bitter feelings towards John Garrett on their part, which they fail to disclose fully and frankly ; and that those feelings existed at the very time when they represent John Garrett to have made statements to them, concerning the stipulations of his secret partnership with complainant, and his private business affairs. Moreover, one of the conversations is said to have taken place at the house of the witnesses ; and Blount

29

Garrett says, that the statements were frequently made to him by John Garrett, and that the making of the statements was uniformly commenced by John Garrett, and none of them were made at a time when any other person was present who could be a witness. Nothing is disclosed, which was calculated to extract from John Garrett any of the statements imputed to him. The conversations appear from the depositions to have been casual, voluntary, and without deliberation. Blount Garrett answers, that the complainant is largely in debt to him, and has no visible means of paying; nevertheless, he says complainant's means of paying does not depend at all on his recovery in this suit. The conversations were principally had from fourteen to fifteen years before the depositions were first taken, and from eighteen to nineteen years before the last depositions were taken. From this view of the testimony of Blount Garrett and wife, it is perceived that the conversations which they prove, are detailed by witnesses justly obnoxious to suspicion ; that they were merely casual conversations, attended with no circumstances of solemnity, or deliberation, calculated to give them importance, and impress them upon the memory ; that they are proved after the expiration of a long period ; that there is no opportunity to contradict them, if fabricated ; and that the making of such statements to the particular witnesses at the particular times and at one of the places was improbable.

The declarations of John Garrett are also proved by George W. King; and there are no circumstances of suspicion attaching to his credibility. The circumstances under which the declarations were made to him, do not appear in his deposition. He says, that John Garrett told him, that complainant was interested with him in the mercantile business, and was equally interested in all his dealings, and was interested in the Lochapoka lands.

The above is all the testimony which supports the allegations of complainant's bill, as to the partnership and his interest in the lands.

For John Garrett it is shown, that the mercantile business, and the purchase and sale of lands, were all in his name alone; that John Garrett bought the goods and paid for most of them, (some were paid for from the store) ; and that the

complainant did not, as he alleges, pay anything for the stock of goods with which the business was commenced. Mrs. Hentress proves, that she went to the store in 1835, and was told by complainant, upon her inquiry, that he was the clerk of John Garrett, for whom he was selling goods, and that if she desired to purchase goods on a credit, she must get an order from John Garrett, who was the owner.

James Defreau proves that, in 1839, he was at the house of John Garrett, in company with complainant and John Garrett; and that in the conversation the former complained that his wages as clerk in the store at Cusseta, when the Indians were there, were two low. Witness asked him what his wages were; and he replied, $500. At another time during the same year, he heard complainant saying, that $500 was an insufficient compensation for his services as clerk, and that that was all John Garrett gave him.

To this array of testimony for the defendants, which, it must be conceded, like that of the complainant, consists of unsatisfactory verbal admissions, made a long time before they were proved, must be added the improbability that complainant would suffer such large interests, as he sets up in his bill, to depend upon such slight and flimsy testimony, and that he would suffer rights of such magnitude, so wrongfully withheld from him, to remain so long unenforced. This last consideration becomes more forcible, when it is remembered that the proof shows a state of want and necessity on the part of complainant during all the time. It is not probable that the complainant, pressed by want, and having just claims against one who was unjustly withholding from him the means of relief, would forbear, for so many years, to enforce them by suit. ·

Conceding, then, that the testimony of the complainant, when considered by itself, might be sufficient to overturn the denials of the answer, we are clearly of the opinion, that when it is balanced against the testimony of the defendant, it is not equivalent to the positive testimony of one credible witness with corroborating circumstances, and is therefore totally insufficient to overcome the denial of the answer. We think, for the reasons above stated, that the testimony in this case, when construed according to the rules of evidence

in chancery, does not establish either a partnership in the mercantile business, or a partnership or trust in the lands; and in this we but reiterate one of the opinions of the learned chancellor who heard the cause below.

It is unnecessary to consider the other questions argued by the counsel, as the one already decided is conclusive of the case.

The decree of the court below is affirmed, at the costs of the appellant.

Rice, C. J., not sitting.