# BURCH vs. CARTER ET AL.

[BILL IN EQUITY TO SET UP AND ENFORCE VENDOR'S LIEN FOR UNPAID PUR-
CHASE-MONEY OF LAND.]

1. *Vendor, lien of; against whom exists.*—The lien of the vendor, for the
purchase-money of real estate, exists against the vendee and against
volunteers and purchasers under him, with notice, or having an equit-
able title only.

2. *Same; against whom does not exist.*—But the lien does not exist against
purchasers under a conveyance of the legal estate, made *bona fide* for a
valuable consideration, without notice, if they have paid the purchase-
money.

3. *Same; purchaser, what chargeable with notice of.*—The purchaser is
chargeable with notice of every thing that appears on the face of the
deeds in the chain of his title, but he is not bound to enquire into col-
lateral circumstances.

APPEAL from Chancery Court of Montgomery.
Heard before Hon. N. W. COCKE.

This was a bill in equity filed by Eliza J. Burch, the ap-
pellant, against the appellees, seeking to set up and en-
force a vendor's lien on certain land described in the bill,
for the unpaid purchase-money thereon.

The land in question was sold by the appellant, Mrs.
Eliza J. Burch, in 1859, to one of the appellees, A. J.
Burch ; Mrs. Burch, giving a warranty deed in fee to the
purchaser, and the purchaser giving his note for the pur-
chase-money.   In 1860, the appellee, Burch, who was then
in possession, sold the lands in controversy to his co-ap-
pellee Carter, who paid for the land at the time of the sale,
receiving from A. J. Burch a warranty deed in fee to said
lands.   The bill alleges notice on the part of Carter, be-
fore paying the purchase-money, of the lien of appellant.

The defense set up, by the appellee, Carter, is that he is
a *bona fide* purchaser of the land, for a valuable consider-
ation, without notice of appellant's lien.

The cause was submitted for decree, on bill and answer,
and the testimony.   The chancellor dismissed the bill and

taxed appellant with costs. The proof as to the notice on the part of Carter, and other facts of the case, will be found in the opinion.

The decree of the chancellor is now assigned for error.

WATTS & TROY, for appellant.

ELMORE & GUNTER, *contra.*

B. F. SAFFOLD, J.—The matter of difficulty in this case is a question of fact, rather than of law.

The lien of the vendor exists against the vendee and against volunteers and purchasers under him with notice, or having an equitable title only.—*Burns v. Taylor*, 23 Ala. 255; Story's Eq. Jur. vol. 2, § 1225. But it does not exist against purchasers under a conveyance of the legal estate made *bona fide*, for a valuable consideration, without notice, if they have paid the purchase-money.—Story's Eq. Jur. vol. 2, § 1228; Sugden on Vendors, ch. 12, § 3, p. 557; *Mackreth v. Symmons*, 15 Vesey, 336; 6 John's Ch. R. 402, 403.

The defendant, Carter, pleads that he is a *bona fide* purchaser, for valuable consideration, without notice, from his vendor A. J. Burch, who was seized in fee, and was in possession of the land in question at the time of the sale and conveyance to him, and that he paid the purchase-money before notice. If the facts sustain this plea, the complainant has no cause of action against him. The only part of the plea controverted is whether he is a purchaser without notice.

The proof on the part of the complainant is—1st, the testimony of Simmons that he twice told the defendant the purchase-money had not been paid to Mrs. Burch and his reply each time, " I reckon there will be no danger ;" 2d, the testimony of Lyde that the complainant and himself were present when A. J. Burch handed his deed for the land to the defendant Carter, and received from him checks for the purchase-money ; that as soon as Burch received them he, Burch, turned to the complainant and said, "when I draw the money on these checks I will go to your house and make the first payment on the land."

For the defendant there is—1st, his own testimony that neither Simmons nor any one else, told him, before he had paid A. J. Burch, that the purchase-money had not been paid to the complainant; that A. J. Burch had told him it had been paid, and he did not know to the contrary; 2nd, the testimony of A. J. Burch, that at the interview mentioned by Lyde, he did not hear any one tell the defendant the complainant had not been paid; 3d, the deed of complainant reciting the receipt of its consideration, and the possession of A. J. Burch; 4th, the silence of complainant when she saw A. J. Burch selling the land to the defendant, and receiving from him checks for the purchase-money.

There is direct conflict between the evidence of Simmons and of Carter. Simmons is the friend and agent of the complainant, and is not interested. Carter is interested, but unimpeached. At the meeting mentioned by Lyde, Carter may not have heard the remark of A. J. Burch to the complainant, that he would make her the first payment on the land, or he may not have understood, that he was referring to this land; the land bought by Carter from A. J. Burch not being all the land which was purchased by Burch from complainant. The complainant's silence on the occasion is very expressive of acquiescence in what was being done.

The absence of all motive on the part of Carter for taking such a risk, as he would have done if he knew the complainant had not received payment, is at least an argument in favor of his want of knowledge.

If the weight of evidence is not on the side of the defendant, it is very evenly balanced, and the burden of proof is on the complainant.—*Conner v. Tuck,* 11 Ala. 794; *Mason v. Peck,* 7 March, 301; *Roberts v. Salisbury,* 3 Gill & J. 425. The vendor's lien, though fully recognized in this State, is a secret trust, exhibiting little, where a conveyance is made, to put a subsequent purchaser on inquiry. The defendant is a purchaser with notice of everything that appears on the face of the deed in the chain of his title, but he is not bound to inquire into collateral circumstances.—*Attorney-General v. Backhouse,* 17 Vesey, 282.

The decree of the chancellor is affirmed.

NOTE BY REPORTER.—The foregoing opinion was delivered at the June term, 1869, and at a subsequent day of the term, appellant applied for a rehearing. The application was held under advisement until the present term, when the following response was made thereto : ·

B. F. SAFFOLD, J.—The testimony in this case has been carefully reviewed. The evidence of two witnesses tends to the proof of notice to the subsequent purchaser, Carter. Simmons testifie's positively that he told him twice, that Mrs. Burch had not been paid. Lyde testifies that in the presence of Carter, A. J. Burch told Mrs. Burch, when he collected the money to be paid him by Carter, he would make her the first payment on the land. This is all of the appellant's testimony on that point.

On the part of the appellee, Carter, he himself was examined, and he swears positively that Simmons did not tell him Mrs. Burch had not been paid until several months after he had purchased and paid for the land ; that no one else told him anything about it, and he did not know it. His testimony opposes that of Simmons in every particular. He is a competent witness, and if so, there is no reason why his interest in the suit should alone discredit him. If Lyde's testimony stood unaffected by any other, it would be difficult to say that the declaration of A. J. Burch to Mrs. Burch, " when I collect the money on these checks I will make you the first payment on the land," made in the room where Carter was, should charge him with notice. Lyde does not say Carter heard the conversation. He does not say he might have heard it. Can it be concluded that Carter did hear it, and did understand it to refer to the land he had just paid A. J. Burch for ? A. J. Burch does not say that such a conversation took place, and Mrs. Burch is not examined at all. Both of them could have proved it, if it occurred. As Mrs. Burch had made a deed of the land to A. J. Burch, the burden of proving notice was on her. To reverse the decision of the chancellor on a question of fact the weight of evidence should be decidedly in favor of the appellant. Our opinion

still is, that the evidence is very evenly balanced, if not in favor of the appellee.

A rehearing is denied.