# Blue *v.* Blue.

(Two Cases)

*Motion to Require Administrator to Account for Money.*

(Decided May 21, 1908.  46 South. 751.)

*Witnesses; Competency; Transaction With Deceased Persons.*— It was competent to ask witness who was administrator of the estate, if he has not admitted to certain named persons that a certain amount of money raised by his decedent by loan was used by him in making a certain investment, as the question called for admissions and not for transactions with deceased persons, as inhibited by section 1794, Code 1896.

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Proceedings by A. W. Blue against M. W. Blue, administrator, to charge defendant with a sum of money as belonging to the state. From a judgment for defendant, both parties appeal. Affirmed.

RUSHTON & COLEMAN, for appellant. In order for the statute of limitations to be effective it must be specially pleaded.—*Huntsville v. Ewing,* 116 Ala. 576; *Bowling v. Jones,* 67 Ala. 508; *Huss' Case,* 66 Ala. 472. Unless

specially pleaded, it is waived.—*Garrison v. Lumber Co.*, 111 Ala. 211. Where a debtor of an intestate has letters of administration issued to him, the debt becomes assets in his hands rendering him and his sureties liable. —*Hampton v. Sheehan*, 7 Ala. 298; *Wright v. Lang*, 66 Ala. 386; *Miller v. Irby*, 53 Ala. 477; *Sewell v. Buckley*, 54 Ala. 592; *Modawell v. Hudson*, 57 Ala. 75; *Arnold v. Arnold*, 124 Ala. 552; *Cook v. Cook*, 96 Ala. 294. A gift is not an advancement.—*Terry v. Keyton*, 58 Ala. 657; *Fennell v. Henry*, 70 Ala. 484; *Malone v. Malone*, 106 Ala. 567. The burden is on the party asserting it.— *Boothe v. Foster*, 111 Ala. 312.

GUNTER & GUNTER, for appellee. Under the facts in this case the presumption is that if the money was received by M. W. Blue for his own benefit, that it was a gift or an advancement and not a debt.—*Fennell v. Henry*, 70 Ala. 484; *Robinson v. Mosely*, 93 Ala. 76; *Boothe v. Foster*, 111 Ala. 316; *Merrill v. Rhodes*, 37 Ala. 449; *Clements v. Hood*, 57 Ala. 463. Counsel discuss cross assignment of error and cite authorities in support thereof.

SIMPSON, J.—M. W. Blue is the administrator of the estate of Jane E. L. Blue, and the contest in this case arises out of a motion made by the appellant in the probate court to charge said administrator with the sum of $3,600 which it is claimed was due by said M. W. Blue to the estate of his intestate when he was appointed administrator.

The first assignment of error insisted on by the appellant is the overruling of the objection by contestant (appellant here) to the question to M. W. Blue as a witness: "Did you ever, at any time since or before your mother's death, or at any other time or place, or under

any circumstances in the world, ever say or admit to Mr. and Mrs. A. W. Blue that any money, or the $3,600, raised by your mother by the loan from Dr. Crawford, was used in part or in whole in the purchase of any interest for you, or for Gerald & Blue, in the New Home sewing machine business in Montgomery, Ala.?" This contention is based on section 1794 of the Civil Code of 1896, but we do not think it violative of that section. Both A. W. Blue and his wife had stated that the witness had made admissions to them, as stated in the question, and this question did not ask what were the facts in regard to this transaction with the deceased, but simply whether he had made the admission to these living witnesses as stated by them. The testimony was competent.

The probate judge, after hearing all the testimony and making a careful analysis of it, holds that the evidence does not show that said amount of money is due by said M. W. Blue to the estate of his said decedent, and we do not find sufficient testimony in the record to justify this court in reversing his decision.

It is unnecessary to consider the cross-assignments of error.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.