# DAVID FLEMING v. CHARLES E. FOUTS and Others.[1]

July 16, 1909.

Nos. 16,152—(184).

**Notice of Mortgage to Vendee's Assignee.**
The owner of land contracted in writing to transfer it subject to a mortgage of $5,700. The part of the consideration not paid in cash bore inter-

[1]Reported in 122 N. W. 490.

est at six per cent. The vendee went into and remained in possession until he assigned to his brother. The vendor conveyed to the Raymond Bank, which conveyed to Orth. Orth gave to the Rutland Bank a first mortgage of $5,000 at five and one-half per cent., and used the proceeds, with $700 additional, to satisfy the previous mortgage to the Raymond Bank, a second mortgage for the amount of the balance of the purchase price under the contract of sale, and a third mortgage for the amount of the difference in the rate of interest between the first mortgage satisfied and the first mortgage placed. The Raymond Bank and Orth transferred to a son of a brother of the vendee in the original contract title to the land, subject to incumbrances in the sum of the three mortgages, and delivered notes executed by the vendee on payment of the second mortgage only by the brother. Subsequent to this, the vendee assigned his contract to a second brother, who paid his nephew the balance due under the contract. It is *held* that the record of the various transfers, the recital in the transfers to the nephew of the incumbrances, and many circumstances, constituted notice to the assignee of the vendee of the lien of the Rutland Bank mortgage, and justified the trial court in holding that mortgage to be a valid and subsisting lien on the premises.

Action in the district court for Kandiyohi county against Charles E. Fouts and wife, John R. Orth, State Bank of Raymond, First National Bank of Raymond, Renville State Bank, Rutland Savings Bank of Vermont, and Douglas R. Fleming to determine adverse claims to real estate and to determine that plaintiff "is the owner and in possession and entitled to retain possession of said property, free of all claims on the part of defendants." The facts are stated in the opinion. The separate answer of Douglas R. Fleming alleged that on March 5, 1906, he bought of the State Bank of Raymond the contract and the notes given by Walter Fleming to defendant Fouts, the mortgages for $2,651.73 and $248 respectively given by defendant Orth to that bank and received a deed from the bank and one from defendant Orth, and that none of those mortgages had been paid. The separate answer of the Rutland Savings Bank of Vermont, inter alia, set out the mortgage for $5,000 to it from defendant Orth and that the proceeds of it and $700 in addition thereto were paid "with the knowledge and consent of said Walter Fleming and at his request" to satisfy the mortgage for $5,700 made by defendant Fouts and wife to the Pearson-Taft Land Credit Company, that plaintiff paid the State Bank of Raymond $2,760.79 in

satisfaction for the two mortgages to that bank and assumed and agreed to pay the answering defendant's $5,000 mortgage, and that Douglas Fleming and Walter Fleming "had at all times full notice and knowledge of all the facts." In his reply plaintiff alleged an assignment to him of the land contract from Walter Fleming, and that pursuant to the contract and assignment he entered into and was in possession of the premises, and payment to Douglas Fleming of the balance of the purchase price.

The case was tried before Qvale, J., who made findings and as conclusion of law found that defendant Douglas R. Fleming was the title owner of the land, which title he held in trust for C. A. Fleming, the real owner of the land, that the land was chargeable with the lien of the mortgage of $5,000 to the Rutland Savings Bank; and the savings bank was entitled to judgment declaring the mortgage to be a valid and subsisting lien thereon. From an order denying plaintiff's motion to vacate the decision made and to grant a new trial, he appealed. Affirmed.

*James Schoonmaker,* for appellant.

*Daly & Barnard,* for respondents.

JAGGARD, J.

One Fouts, owning land, mortgaged it to a land credit company for $5,700. He afterwards contracted in writing to sell the land to Walter Fleming for $7,870, of which $500 was paid in cash. The balance above the land credit company's mortgage bore interest at six per cent. per annum. Walter Fleming went into and remained in possession until the assignment hereinafter mentioned by him to plaintiff and appellant, David Fleming. Fouts and his wife conveyed the land to the State Bank of Raymond, subject to this mortgage and contract. The Raymond Bank in turn conveyed the land to the defendant and respondent Orth. Orth mortgaged the land to the Rutland Savings Bank for $5,000 at five and one-half per cent. interest. The trial court found that Walter Fleming had notice and knowledge of all these transactions and acquiesced in the mortgage to the Rutland Bank, that this mortgage was negotiated for the purpose of securing money with which to satisfy a mortgage to the land credit company, and that the money so secured, together with $700 addition-

108 M.—27.

al, was in fact paid for the satisfaction of the mortgage. Orth then executed a second mortgage to the Raymond Bank, representing the difference between the first mortgage of $5,000 and what Walter Fleming still owed on the executory contract, namely, $2,651.75. Orth also executed a third mortgage to the Raymond Bank for $248, being the difference between the five and one-half per cent. interest on the first mortgage and the six per cent. interest on the balance under the Walter Fleming executory contract. The three notes aggregated $7,900.65. In negotiations between Orth, who was an officer of the Raymond Bank, and the Raymond Bank, on the one hand, and C. A. Fleming, an attorney and brother of Walter Fleming, on the other hand, in Walter's presence, C. A. Fleming desired to be put in the same position to Walter that the Raymond Bank then occupied. This was agreed to. C. A. Fleming paid the second mortgage and interest, and no more; the bank deducted the third mortgage from the consideration he paid. At the request of C. A. Fleming the name of Douglas, his son, a student without means, was inserted in conveyances executed on March 5, 1906, as follows: Orth conveyed to Douglas Fleming, by a warranty deed to the land which contained the following clause concerning incumbrances: "And that the same are free from all incumbrances except a mortgage aggregating $7,900.65." The Raymond Bank also executed a special warranty deed, and assigned the second and third mortgages. With these instruments were delivered the notes under the original executory contract and the Orth notes secured by the second and third mortgages. On May 3, 1906, Walter Fleming sold and assigned to David Fleming all his rights under the executory contract.

The trial court found: In the months of March and October, 1906, the plaintiff, acting in concert with the said C. A. Fleming, pro forma paid all of said notes (i. e., the remainder of the purchase price on the contract of sale); that notwithstanding such payment, which plaintiff claims to be a bona fide transaction, he did not then nor has he ever since demanded the conveyance of the title to him of said premises; that whatever payment was made of the notes by the plaintiff, the same was the concerted act of himself and the said C. A. Fleming, and was made for the purpose of avoiding the payment of the lien of the said $5,000 mortgage owned and held by

the said Rutland Savings Bank, and to have the lien of said mortgage discharged, if possible; that the said payment of said notes by plaintiff was not a bona fide payment or transaction.

As a conclusion of law the court found that Douglas R. Fleming, while the title owner, really held the land in trust for C. A. Fleming; that the mortgage to the defendant the Rutland Savings Bank of $5,000, with interest, was a valid and subsisting lien; and that the Rutland Bank was entitled to judgment accordingly.

This appeal was taken from the order denying defendants' motion to vacate this decision and to grant a new trial of said action.

The conclusion of the trial court, in so far as it involved C. A. Fleming, is not material. C. A. Fleming was not made a party plaintiff or defendant. The substance of the order for judgment was that as between the plaintiff and the defendant the $5,000 mortgage to the Rutland Savings Bank was a valid and subsisting lien on the premises described; that is to say, the fact that David Fleming, the plaintiff, had paid Douglas Fleming the amount due on the executory contract, did not operate to vest in the plaintiff the fee title free from the said mortgage, or to divest the mortgage to the Rutland Bank. The controversy has been elaborately argued.

The plaintiff has assigned fifty-two errors on the part of the trial court. No material assignment of error has appeared to us, after examination, to be meritorious. Whether all that the court found was necessary to its conclusion we will not discuss. Nor is it necessary, as we regard the case, to consider whether the trial court was correct in its conclusion that the transaction was not bona fide, but was designed and executed to enable the Flemings to procure the land for the consideration expressed and the original executory contract, and to entirely escape paying the $5,000 mortgage to the Rutland Bank. Nor is it necessary to determine the question of subrogation.

As we view the facts, plaintiff's essential argument as to the vendee's duty to a mortgagee is not pertinent. He urges: "The rights of the parties to the contract, the rights of the parties to the mortgage, and the rights between the vendee and the mortgagee, all became fixed at least as early as July 5, 1905 [being the date of the Rutland Bank mortgage]. These were vested and valuable rights, which were not subject to be changed or divested, except by the acts of the parties,

and then only in a legal manner. Among these rights, is the right of priority between the contract and mortgage, that is, the lien of the mortgage was subordinate to the rights and obligations of the vendee under the contract."

This is not a case in which all that appears is that, subsequent to the execution of a contract for the sale of land, the vendor conveyed the land to a third person, who, having notice of such contract, executed a new mortgage, and in which the vendee named in the contract assigned his rights to a third person after the record of such mortgage. The situation is substantially different and involves many legally significant facts peculiar to itself.

In the first place, it is clear that plaintiff did not receive from Douglas Fleming a title free from the Rutland Bank mortgage. He had no deed, and had demanded none. He could derive from his vendor only the title Douglas Fleming had. As Douglas Fleming had an incumbered estate, he could, of course, transmit only that incumbered estate to the plaintiff. He had received a deed from Orth, which expressly recited "that the premises are free from all incumbrances except a mortgage aggregating $7,900.65," and assignments of second and third mortgages to the amount of $2,900.55. He had notice of the record that the $5,000 mortgage had been executed to the Rutland Bank, and that no other mortgage had been executed. His attorney, at least, had examined the deed from Orth to Douglas Fleming. He therefore had at least constructive notice of this incumbrance on Douglas Fleming's estate. Corbitt v. Clenny, 52 Ala. 480; Stidham v. Matthews, 29 Ark. 650; Deason v. Taylor, 53 Miss. 697; Burch v. Carter, 44 Ala. 115. And see 1 Warvelle, Vendors, p. 326, § 265.

In the second place, it is equally clear that plaintiff was entitled to no relief, by way of conveyance or otherwise, from the original vendor, Fouts. Fouts had exercised his unquestioned legal right to sell his equity in that land. His deed had been recorded. Before plaintiff took his assignment of the original contract, he had at least constructive notice of that transfer.

In the third place, plaintiff was entitled to no relief as against the Raymond Bank, the Rutland Bank, or Orth, who were all made parties defendant. The new mortgage, the trial court found and was

justified in finding, was executed and the old mortgage satisfied with the knowledge and acquiescence of Walter Fleming. The new mortgage did not fall due until the expiration of ten years. The original contract was payable on or before its due date "in the sum of $100 or any multiple thereof." Moreover, in connection with the transfer to Douglas Fleming, Walter Fleming was a party to a settlement which included the cancellation of the third mortgage without payment and the recognition of the Rutland Savings Bank mortgage as a valid incumbrance. Whether or not he assumed and agreed to pay it is not here involved. Plaintiff was in no stronger position than Walter Fleming.

The trial court properly found that "the said plaintiff, David E. Fleming, took said assignment of said contract with actual and full notice and knowledge of the said mortgage to the said Rutland Savings Bank then resting upon said land and premises, as well as the said mortgages to said State Bank of Raymond, and with due, complete, and sufficient notice and knowledge of all the negotiations and transactions had between the said John R. Orth and said State Bank of Raymond, on the one hand, and C. A. Fleming and Walter Fleming, on the other, with reference to the assignments of the mortgages aforesaid, the consideration paid therefor, the transfer and conveyance of the title, and the incumbrance thereon, and the delivery of the said contract and notes, and how said Douglas R. Fleming became assignee of said mortgages and invested with the record title of said premises."

We have examined with particular care the portions of the record which tend to sustain this finding. Within the familiar rule on the subject, we see no reason why that finding should not be sustained, as to constructive notice at least. Plaintiff knew of facts sufficient to put him on inquiry, which, if pursued, would have disclosed the truth. 1 Warvelle, Vendors, §§ 262–264. Many of these facts have previously appeared. It is significant that plaintiff resided in the same house with his brother, C. A. Fleming, and that his nephew, Walter Fleming, lived with them. He admits having had knowledge of the record title, including the Rutland Bank mortgage, and of the second and third mortgages, but insists that when he paid the money to Douglas Fleming he said noth-

ing to him or his father relative to the assignment of the second and third mortgages. He conceded that he had talked the matter over with C. A. Fleming, and that the latter had told him he had an assignment contract. He had also talked with Walter Fleming, and was not clear whether the latter had or had not told him that C. A. Fleming had taken the contract subject to the Rutland mortgage, nor whether he intended on this deal to beat the Rutland Bank out of any money they had loaned upon the land.

In brief, he sought to deny actual knowledge, but admitted knowledge of facts upon which constructive notice must be attributed to him. It would serve no useful purpose to further detail the facts upon which this conclusion rested, which constitute a part of the evidence upon which the trial court found that the assignment of the plaintiff was in form only, and that the transaction was not in good faith.

This conclusion is the more readily reached because, from a number of other points of view, we are convinced that the validity of the Rutland Bank mortgage must eventually be sustained.

Affirmed.