## WHITE *vs.* WIGGINS.

[BILL IN EQUITY TO ESTABLISH SET-OFF.]

1. *When legal set-off is cognizable in equity.*—One legal demand may be set off against another in equity, when the defendant is insolvent.
2. *Construction and effect of answer.*—A literal denial in the answer of a material allegation of the bill, although it might be held insufficient on exceptions, cannot be deemed an admission of the allegation.
3. *Burden of proof.*—The *onus* of proving a material allegation of the bill, which is not admitted in the answer, is on the complainant.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. JAMES B. CLARK.

WEBB & INGE, for appellant.

S. F. HALE, *contra.*

WALKER, J.—The bill seeks to set off one legal demand against another, and is not maintainable in the absence of some equitable ground of protection against the payment of the respondent's demand.—T. C. and D. R. R. Co. v. Rhodes, 8 Ala. 221. The ground of equity alleged is the insolvency of the defendant, and that is sufficient if it be established.

[2.] In determining whether the defendant's insolvency is established, we must inquire whether the answer can be regarded as admitting it, and if not, whether it is proved by the witnesses.

The allegation of the bill is, "that the said Richard W. Wiggins is notoriously and hopelessly insolvent." The answer of the defendant says: "That although he is very poor, and has been compelled to labor hard to support himself and family, still he has always, up to the present time, been able to pay his debts, and hopes and expects in future to be able to do so; that at the last term of the circuit court for Greene county, judgments to the amount of three hundred and eighty dollars were obtained against this respondent and others, as his sureties; that in a few days he expects to be able to settle up the same; and that heretofore no executions against him for any amount have been returned "no property; and this respondent therefore denies that he is notoriously and hopelessly insolvent, or that he is entirely unable to pay his debts, and avers that the same is untrue." The answer again says, in response to a specific interrogatory, "that he is not insolvent as alleged in said bill."

Looking to the averment of the bill, and the parts of the answer responsive to it, as above presented, shall we regard the defendant's insolvency as admitted? The authority cited in support of the affirmative of this question, is Grady v. Robinson, 28 Ala. 289. The point to be decided in that case was, whether the defendant was a member of a certain partnership. The answer denied, in general terms, that the defendant was a partner; but

28

the denial was connected with a statement of facts, in such a manner as to show, in the judgment of the court, that it was based upon the facts stated, was a conclusion inferred thereform, and was made merely on account of those facts and by authority of them, and was intended to be a denial only so far as was justified by those facts. The facts did not negative the averment that the defendant was a partner, but were regarded as virtually admitting it.   There was, therefore, in that case, really no denial of the controverted fact.   That case, when properly understood, does not disturb the principle asserted in Savage v. Benham, 17 Ala. 119.

The defendant has not here contented himself with a denial, based upon, and referring to certain facts; but, in responding to a specific interrogatory, has taken up the subject a second time, and given a flat denial, not dependent upon any statement of facts.   This general denial, that the defendant was insolvent as alleged in the bill, would, on exceptions to the answer, have been held insufficient, but for the rule of practice which prohibits exceptions to answers where a verification by oath is waived, because a literal denial, not meeting the charge, is insufficient.—Woods v. Morrell, 1 John. Ch. 103; 2 Dan. Ch. Pl. and Pr. 835.   But it is not the case of an omission to answer, because there is a plain denial of the allegation in the manner and form in which it is made.   An admission of an allegation in a bill cannot be implied from the insufficiency of the answer to it.—Savage v. Benham, *supra;* Parkman v. Welch, 19 Pick. 231.

[3.] Under the pleadings, the *onus* of proving the defendant's insolvency was upon the complainant.   We have carefully examined the entire evidence in the case, and are unanimously of the opinion, that it is not sufficient to authorize us to hold that it establishes the allegation of insolvency.

The decree of the court below is affirmed, at the costs of appellant.