# Moog et ux v. Barrow et al.

*Bill in Equity to set aside as Fraudulent Conveyances by Insolvent Debtor.*

1. *Bill to set aside conveyances as fraudulent; denials of the answer.*— An answer to a bill of complaint that contains a mere general denial of the matters charged is not sufficient; and in response to a bill filed to set aside conveyances as fraudulent, the answer must specifically deny the allegations that charge material matters, *prima facie* within the knowledge of defendants, which render the conveyances fraudulent and void, or such allegations will be considered as admitted and true, entitling the complainant to the relief sought.

2. *Fraudulent conveyances; evidence on bill filed to set them aside.*— Where an insolvent debtor conveys lands to some of his creditors by a deed absolute in form, in alleged payment of a debt greatly less than the value of the lands, and the creditors subsequently convey the same lands to the wife of the debtor upon a recited cash consideration, greatly less than the value of the lands, and at the time of the latter conveyance the said creditors accounted to the debtor for the rents collected and taxes paid by them pending their possession, and offers to purchase said lands were referred to the debtor, who continuously claimed the ownership thereof, the deed to the creditors will be construed a mortgage, and upon a bill filed by other creditors

14

[Moog et ux v. Barrow et al.]

of the said debtor for that purpose, both of the conveyances will be set aside as fraudulent and void.

3. *Same; variance between proof and allegations.*—When, in a bill filed to set aside as fraudulent a conveyance from an insolvent debtor to certain creditors and a conveyance from the said creditors to the wife of the debtor, the bill averred that the debtor owned the lands in fee, and the proof showed that it was owned jointly by the said debtor and one who was not a party to the suit, there is no variance between the allegations and proof, so far as the parties to the suit are concerned, since the wife did not claim title from the joint owners of the land, but derived her title from her husband's grantees.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on February 24, 1892, by O. W. Barrow, as surviving partner of the firm of O. W. Barrow & Bro., and several other creditors of Bernard Moog, against the said Bernard Moog, Delphine Moog, his wife, and Frank Hemly, the surviving partner of the firm of Haas & Hemly. The bill averred that the said Bernard Moog, while indebted to the complainants and other creditors, and being insolvent, on January 10, 1885, conveyed by a deed, absolute in form, certain lands to the firm of Haas & Hemly, the consideration for said deed being an indebtedness by Moog to Haas & Hemly; that subsequently, in compliance with an agreement made at the time of the aforementioned deed, the said Haas & Hemly conveyed the same lands to Delphine Moog, the wife of Bernard Moog, upon the recited consideration of $500, which consideration was greatly less than the value of the lands; that while the deed from B. Moog to Haas & Hemly showed on its face that it was absolute, it was, in fact, intended as a mortgage to the said Haas & Hemly, to secure the payment of a debt from the said Moog to them, the debt being greatly less than the value of the property, and that upon the payment by the said Moog of the alleged indebtedness to Haas & Hemly, they, in compliance with the agreement made with said Moog, conveyed the property to his wife.

The prayer of the bill was that the deed of B. Moog to Haas & Hemly and the deed of Haas & Hemly to Delphine Moog be set aside and cancelled as fraudulent against the complainants as existing creditors of the said Bernard Moog. The other facts of the case are sufficiently stated in the opinion.

[Moog et ux v. Barrow et al.]

Upon the submission of the cause, upon the pleadings and proof, the chancellor granted the relief prayed for, and decreed that the said deeds be set aside and annulled and held for naught. The defendants appeal, and assign this decree as error

HENRY CHAMBERLAIN, for appellants.—There is a fatal variance between the allegations of the bill and the proof. The proof shows that the title to the property was in the firm of A. & B. Moog, and not in Bernard Moog as alleged in the bill.—*Floyd v. Ritter*, 56 Ala. 356; *Webb v. Crawford*, 77 Ala. 440; 3 Brick. Dig. 402, § 571.

MCINTOSH & RICH, *contra.*—There was no variance between the proof and the allegations of the bill, so far as the parties to the present suit were concerned.— *Campbell v. Lunsford*, 83 Ala. 512; 3 So. Rep. 522; *Smith v. Alexander*, 87 Ala. 387, 6 So. Rep. 51; *Kimbrell v. Rogers*, 90 Ala. 339; 7 So. Rep. 241; 3 Brick. Dig. 405, § 20.

COLEMAN, J.—Barrow *et al.*, creditors of Bernard Moog, filed this bill attacking certain conveyances of land as fraudulent and void, made by Bernard Moog and wife to Haas & Hemly, and subsequently by Haas & Hemly to the wife of Bernard Moog. The deeds are in terms absolute. The consideration, as expressed in the conveyance from Moog and wife to Haas & Hemly, was the payment of a past debt due them by Moog, and that expressed in the conveyance to the wife of Moog was a cash consideration of five hundred dollars. The bill shows that complainants were creditors at the time of, and prior to, the execution of these conveyances, and avers that the deed to Haas & Hemly was intended to operate only as a mortgage to secure the indebtedness of Moog to Haas & Hemly, and that the conveyance to the wife of Moog was intended as a fraud; that the money expressed as the consideration was furnished by Moog himself, and was in fact payment of the debt, for which the conveyance was intended to operate as a mortgage security.

The answer consists of only two paragraphs to these important allegations of the bill. The first is: "That they and each of them deny the allegations and charges

set forth in each paragraph of complainant's said bill of complaint, from paragraph one to paragraph six, both inclusive." This is the only response of Bernard Moog to the bill. By a second paragraph the wife answers that she purchased the property "in good faith and parted with value by paying money therefor, without notice of complainants' alleged equity." The charge of complainants that her husband conducted the entire transaction, and furnished to her the money, and that the payment was in satisfaction of the mortgage debt is not denied or referred to in her answer.

An answer is not sufficient that states a general denial of the matters charged. There should be a clear and distinct response to each averment of the bill.—Story Eq. Pl., § 852; Daniels Ch. Pr. § 844; *Savage v. Benham,* 17 Ala. 131. When a material matter is charged in the bill, which *prima facie* is within the knowledge of the defendant and he fails to deny it, it must be considered as admitted.—*Smiley v. Siler,* 35 Ala. 88; *Grady v. Robinson,* 28 Ala. 289.

But aside from these principles the proof is clear, that the deed to Haas & Hemly was intended to operate only as a mortgage. The grantee Hemly testifies, that on settlement with Moog, at the time of the reconveyance to Moog and wife, he accounted for all the rents collected from the land, and charged Moog with the taxes, that more than once, persons offered to purchase the land from him, and on each occasion he referred the proposition to Moog, who declined to accept the offer, and that Moog always as to him claimed the land, subject only to the payment of the debt due Haas & Hemly. The real value of the land, shown to be much more than double the amount of the consideration, is competent evidence to be considered in this connection. Neither Moog nor his wife were examined as witnesses in the case. We do not doubt the correctness of the conclusion of the chancellor from the facts introduced in evidence.

It is insisted that there is a variance in the *probata* and *allegata,* which is fatal to any relief, in this, that the bill charges that Moog the defendant owned the land in fee, and the proof shows, that the fee was in A. & B. Moog, and we are referred to the cases of *Floyd v. Ritter,* 56 Ala. 356, and *Webb v. Crawford,* 77 Ala. 440, in support of the contention. Neither of these cases have any ap-

plication to the question under consideration. Moog conveyed by deed with warranties the whole land to Haas & Hemly. Mrs. Moog claims only under title derived from her husband through Haas & Hemly. A. Moog is not a party to the bill. Mrs. Moog does not rely upon title from A. & B. Moog, but title from Haas & Hemly, who acquired title from B. Moog only, the husband. This is the title that is attacked as fraudulent. This is the title that Mrs. Moog is called upon to defend. There is no variance in the *allegata* and *probata* so far as the parties to the bill are concerned. There is no error in the record.
　　Affirmed.

