# City of Mobile *v.* Fowler, *et al.*

*Bill to Enjoin Obstruction of Street.*

(Decided June 5th, 1906.—41 So. Rep. 468.)

1. *Dedication; Acceptance; Official Acts; Public Use.*—Acceptance of a dedication may be by formal acts of the municipal authorities or others authorized, or it may be inferred from long public use.

2. *Dedication; Platting and Selling Land.*—The platting of land showing streets and avenues and the selling of lots with re-

ference to the plat and the streets and avenues thereon, when done by the owner, is a complete dedication of the streets and avenues.

3. *Same; Evidence of Dedication.*—The fact that a street appears on a map, which is referred to in some of several deeds to land in its vicinity, is not of its self equivalent to dedication.

4. *Same; Prescription; Evidence.*—Testimony that certain lands formed a street before it was fenced in, without more, is insufficient to show that it was used for such length of time as to become a public highway by dedication and acceptance.

5. *Same; Necessity of Acceptance.*—In order to render a dedication such, and irrevocable, it must be accepted.

6. *Pleadings; General Denial.*—It not appearing prima facie that certain allegations made in the bill were within the knowledge of respondents, a general denial of such allegations was sufficient to put in issue the allegations and require proof in support thereof.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS W. SMITH.

This was a bill filed by the city of Mobile to enjoin respondents from obstructing the western end of Georgia avenue and to require them to immediately remove any obstructions therein placed. The second paragraph of the bill alleges that one Sage O. Butler in 1845, being then the owner of the land covered by said avenue, by deed dedicated the said avenue as a street 60 feet wide extending from Dauphin street, to Old Shell Road. Here follows a description of several deeds made by Butler to various parties. These deeds contain the following stipulation: "Also the right, title, and interest, being one undivided half of, in, and to the street adjoining said lands and known and called Georgia avenue; that is to say, so much of said street as adjoins the land hereby conveyed on the side of Dauphin street, said avenue being 60 feet wide and extending back from Dauphin street northwardly 670 feet, together with the right of compensation for said avenue from the corporation of Mobile, with the condition and stipulation that the said avenue shall be kept open as a public street." The third allegation of the bill is that pursuant to said dedication the said Georgia avenue was opened as a street 60 feet

[City of Mobile v. Fowler, et al.]

wide from Dauphin street to said Old Shell Road, and remained in use by public as such for a considerable period of time. In the answer the respondents entered a general denial of the truth of the allegation of the second and third paragraphs of the bill. The other facts sufficiently appear in the opinion. There was judgment denying relief, and the plaintiff appeals.

B. B. BOONE and R. W. STOUTZ, for appellant.—Prima facie the making of the map was a dedication requiring but the making of sales with reference thereto to become absolute and an irrevocable dedication.—*Roberts v. Matthews*, 113 Ala. 523; *Reed v. Birmingham*, 92 Ala. 339; *Avondale L. Co. v. Avondale*, 111 Ala. 523. The sale to Kimball with reference to the street was complete as an acceptance of the dedication to the public use. —Authorities supra. The public right to use the street is not barred by limitation.—*Reed v. Birmingham, supra*. After the dedication becomes irrevocable by the act of one or more individuals the municipality may then maintain a bill to keep the highway open.—*Stewart v. Conley*, 122 Ala. 179. No formality is necessary to the acceptance of a dedication.—*Stewart v. Conley, supra; Reed v. Birmingham, supra;* 13 Cyc. 465.

ERVIN & McALEER, and WILLIAM J. YOUNG, for appellee.—Dedication of lands is a question of intention.— *Reed v. Birmingham*, 92 Ala. 345; *Gage v. M. & O. R. R.*, 84 Ala. 225.

There can be no evidence of the intention except the writings and the attendant circumstances.—*Reed v. Birmingham*, 92 Ala. 345.

Where recorded deeds of land or lots adjacent to a street or alley contain recitals or words which repel the idea of dedication, this is always a strong fact to rebut the presumption arising from the use of the street.— *Steele v. Sullivan*, 70 Ala. 594; *Gage v. M. & O. R. R.*, 84 Ala. 226.

There must be both a dedication and an acceptance of it.—*Evans v. Sav. & W. R. R.*, 90 Ala. 58; *Reed v. Birmingham*, 92 Ala. 344.

ANDERSON, J.—The bill in this case can only be maintained upon the theory that the respondents are wrongfully closing or obstructing complainant's highway. The question therefore arises: Was the strip in controversy a public highway or a part thereof, when inclosed by the respondents? In order for the complainant to obtain relief, it is incumbent upon it to show that there was a dedication of this strip by the owner and an acceptance. Acceptance of the dedication may be either by a formal acceptance by the municipal or other authorities or may be inferred by long public use. So, too, would the platting of land by the owner, and dividing it off by streets and avenues, and selling lots with reference to a map defining and delineating the streets, amount to a complete dedication of the streets thereupon disclosed.—*Reed v. Birmingham,* 92 Ala. 339, 9 South. 161; *Evans v. Savannah & Western R. R. Co.,* 90 Ala. 54, 7 South. 758.

There is no evidence in this case of a formal dedication and acceptance of the street in controversy. Nor was the fact that Georgia avenue appeared on a map which was referred to in two of the deeds equivalent to a dedication. On the other hand, every conveyance introduced in evidence which mentions a map negatives the idea that this land was a part of a public street or that any lands were conveyed upon the strength of being bounded by a public street or avenue or a part thereof. The witness Gazzam testified: "My father dedicated Georgia avenue as thirty feet." This was not sufficient to show a dedication and acceptance of the land in controversy. Nor does the fact that this land formed a part of the street before Kimball fenced it in show that it was used by the public a sufficient length of time to become a public highway (*McDade v. State,* 95 Ala. 28, 11 South. 375), or that it was so used by the public as to amount to an acceptance of the dedication, if one was made. There may be express or implied dedications, but in either event there must be an acceptance, in order to make the dedication complete and irrevocable.

There is some evidence that the avenue was wider than it now is; but there is no evidence to show that this par-

[City of Mobile v. Fowler, *et al.*]

ticular part, or the other part even, was used and kept up as a public highway and for aught we know, it was a private way when fenced in by the respondents and by Kimball. It may be that there is a public highway now being kept up by the public, known as "Georgia Avenue"; but there is no proof that the part in dispute, though included within the 60 feet intended to be dedicated, was accepted or used as a part of a public highway. "It does not necessarily follow, because a part of the offer has been accepted, that the whole has been. If it is evident that only a part of the land dedicated is needed, or is of value to it, the acceptance will be held to extend only to the part improved or occupied by the public, and which has been clearly recognized as a public highway."—9 Am. & Eng. Ency. Law, 50; *Alton v. Meenwenberg,* 108 Mich. 629, 66 N. W. 571. There is no evidence that the strip in question was ever accepted, or that Georgia avenue had ever been used as a public highway, before this strip was detached.

The appellant contends that the general denial of paragraphs 2 and 3 of the bill is insufficient to raise an issue, and that the facts therein averred should be considered as admitted. We do not understand that the charges made in said paragraphs are prima facie within the knowledge of respondents.—*Moog v. Barrow,* 101 Ala. 209, 13 South. 665; *Smilie v. Siler's Adm'r,* 35 Ala. 88; *Grady v. Robinson,* 28 Ala. 289. If Georgia avenue was opened as a street 60 feet wide and used by the public it was as easy for complainant to prove the fact as it was for the respondents to negative the charge, and a general denial was sufficient to require proof of the averment.

The decree of the chancellor is affirmed.

TYSON, SIMPSON, and DENSON, JJ., concur.