[Prestridge v. Wallace.]

# Prestridge *v*. Wallace.

*Bill by Trustee in Bankruptcy to Avoid A Conveyance.*

(Decided Dec. 19, 1907. Rehearing denied June 18, 1908.
46 South. 970.)

1. *Appeal and Error; Assignment of Error; Party; Rule.*—Under the provision of Rule 86, Chancery Practice, an appeal will not be dismissed because taken in the name of all the respondents, where the respondent injured requests a severance and separate assignment of error, and is granted such order and then assigns error for himself alone.

2. *Venue; Place of Suit.*—Where the bill is properly filed against the original respondents, under sec. 676, Code 1896, a respondent subsequently brought in by amendment cannot, except for fraud, object to a failure to properly bring the suit.

3. *Equity; Answer; Requisites.*—An answer must confess or traverse the material allegations of the bill in so far as they relate to the answering defendant, as a general rule; a literal denial is not sufficient.

4. *Same; Insufficiency; Effect.*—Where a paragraph of a bill describes the property alleged to have been fraudulently conveyed and alleged that the bankrupt was seized and possessed of the same within four months prior to the filing of the petition in bankruptcy, an answer denying all the paragraphs of the bill and every allegation therein contained, fails to traverse the allegation of the bill and admits not only that the conveyance was made for the purpose of hindering, delaying or defrauding creditors, but also admits the allegation that the bankrupt was seized and possessed of the lands described and that such seizin and possession was within four months of the filing of the bankruptcy petition.

APPEAL from Birmingham City Court.

Heard before Hon. W. W. WILKERSON.

Bill by John H. Wallace, as trustee in bankruptcy of one Randall, against William H. Prestridge and others. Decree for complainant, and defendant William H. Prestridge appeals in the name of all the defendants. Motion to dismiss appeal denied. Judgment affirmed.

The original bill made J. E. Cox, Lucy J. Cary, M. A. Lucas, and Minnie K. Randall, respondents. By a consent decree entered on December 24, 1902, Lucy Cary and Minnie Randall were eliminated from the

suit. By amendment of June 24, 1903, C. W. Cary, Albert F. Wilson, W. M. Johnson, and W. H. Prestridge were also made respondents. By amendment of May 26, 1904, W. R. and M. A. Lucas were stricken as parties respondent. The appeal is in the name of all the respondents, taken by Prestridge. There was a severance granted, with summons and permission to assign errors separately, and errors are assigned by Prestridge alone. A motion to dismiss the appeal is based on the theory that only Prestridge was prejudiced by the decree or interested in its affirmance or reversal, and that he alone should have been the appellant. The facts sufficiently appear in the opinion of the court.

RICHARD B. KELLY, and J. M. CHILTON, for appellant. A literal denial although it might be held insufficient on exception cannot be deemed an admission of the allegations of the bill. The answer of the defendant, therefore, we insist, places upon defendant the burden of proving that the land mentioned in the decree was originally owned by Randall and that Prestridge claimed or held the same under or through mesne conveyances from Randall.—*White v. Wiggins*, 32 Ala. 424; *Rusie v. Walker*, 32 Ala. 532; *Savage v. Benham*, 17 Ala. 132; *Lynn v. Hurt,* 11 Ala. 295. Only a general denial, or evasive answer, can be held as equivalent to an admission as to facts stated in the bill which prima facie are within the knowledge, information or belief of the defendant.—*Grady v. Robinson*, 28 Ala. 289; *Smilie v. Siler*, 33 Ala. 88; *Moog v. Barow*, 101 Ala. 209. The facts alleged in the bill must be prima facie within the knowledge of the defendant in order that an evasive answer be held to operate as an admission.—*Henry v. Watson*, 109 Ala. 335; *Kirkman v. Vanlier*, 7 Ala. 217. An insufficient answer as to facts not

prima facie within the knowledge of defendant puts complainant to proof of the allegation.—*Savage v. Benham*, 17 Ala. 132; *McGehee v. Goodwyn*, 15 Ala. 232; *Waters v. Creagh*, 4 Stewart & Porter, 410. A general denial in the answer of Prestridge has the effect to put in issue all the material allegations of the bill.—*Daniels chan. Prac.* (4th Ed.) 712; *Lincoln r. Wright*, 4 De. G. & J. 16; *Jackson r. Oglander*, 2 H. & M. 465; *Thorington v. Carson*, 1 Port. 257; *Kirkman v. VanLier*, 7 Ala. 217; *Clark r. Jones*, 41 Ala. 349 and authorities there cited: *Savage r. Benham*, 17 Ala. 19; *White v. Wiggan*, 32 Ala. 424; *Grady v. Robinson*, 28 Ala. 289.

GEORGE HUDDLESTON, for appellee. An answer is not sufficient that states a general denial of the matters charged. There should be some clear and definite response to each averment of the bill; when a material matter is charged in the bill, which is *prima facie* within the knowledge of the defendant, and he fails to deny it, it must be considered as admitted. A mere general denial is not sufficient to traverse the allegations of the bill.—*Gambill v. Altman*, 125 Ala. 372; *Moog v. Barrow*, 101 Ala. 209; *Penny v. McCullough*, 134 Ala. 580; *Shiff & Son v. Andrews*. (MS. Present Term); *Tower Mfg. Co. Thompson*, 104 Ala. 140.

McCLELLAN, J.—The motion to dismiss the appeal cannot be granted.—Rule 86, Chancery Practice; *Beachman v. Aurora Mfg. Co.* 110 Ala. 555, 18 South. 314. The appeal was taken in the name of all respondents, summons and severance was granted, and errors are assigned by Prestridge alone.

Section 676 of the civil Code of 1896 provides in whose district only an original bill may be filed; and a defendant brought in by amendment, as Prestridge was,

cannot, except for fraud, object to a conceived failure to observe the cited statute.—*Gay v. Brierfield Co.* 106 Ala. 615, 17 South. 618. The appellant's demurrer and plea, attacking the jurisdiction of the court, were therefore properly overruled.

The bill is filed by the trustee in bankruptcy of Randall to avoid, among others, conveyances from Randall to C. W. Cary and to L. J. Cary, and from the Carys to Prestridge, appellant, and from Prestridge to Johnson, on the specifically averred ground that these conveyances were made by all these parties with the intent to hinder, delay, and defraud Randall's creditors. The bill in paragraph 4 describes the subject of these attacked conveyances, and alleges that Randall was seised and possessed thereof within four months prior to the filling of the petition in bankruptcy. Copies of the conveyances sought to be canceled are exhibited with the bill, original and as amended. The decree, on final submission, canceled the conveyance from Randall to the Carys, that from the Carys to Prestridge, and that from Prestridge to Johnson, and also adjudged the complainant, as against Prestridge and others, to be the owner of the lands thereinafter described as of the date of the filing of the petition in bankruptcy, to wit, April 10, 1901, and divested all the interest, right, title, or claim of Prestridge and others in and to those lands, describing only those lands mentioned in paragraph 4 of the bill as amended.

The answer of Prestridge and Johnson to the amended bill was, after stating the case, as follows: "The defendants, for answer, say that they deny as true all the paragraphs of said original and amended bill and every allegation therein contained, and call for strict proof thereof." Oath to the answer was waived in the note to the bill. Rule 34, Chancery Practice. Generally

speaking, an answer is insufficient that does not confess or traverse the material allegations of the bill, in so far as they relate to the answering defendant. A literal denial is, of course, not the equivalent of the requisite fullness and explicitness of the answer.—*Gamble v. Aultman & Co.,* 125 Ala. 372, 28 South. 30; *Savage v. Benham,* 17 Ala. 119; *Moog v. Barrow,* 101 Ala. 209, 13 South. 665. And where material allegations set forth in the bill charge matters prima facie within the knowledge of the answering respondent, and the answer fails to deny them they will be taken as confessed. The denial here was of the most general character, and was entirely insufficient to meet the positive averments of the bill that this appellant, with others, was a party to the purpose to hinder, delay, or defraud the creditors of Randall, and to put the complainant to proof thereof. It is clear that, under the rule, the effect of the answer was to confess the averments of fraudulent acts and purposes which, obviously, were prima facie within the knowledge of this appellant.—*Penney v. McCulloch,* 134 Ala. 580, 33 South. 665; *Gamble v. Aultman,* 125 Ala. 372, 28 South. 30, and authorities there cited.

We do not understand that these long-recognized principles are controverted by counsel for appellant. But his insistence is that, while the fraudulent acts and purposes of this appellant, alleged in the bill, may have been confessed by such an answer, yet it was notwithstanding this, incumbent on the complainant to establish by proof the allegation that Randall was seised and possessed of the real estate described in paragraph 4 of the amended bill within the period prior to the filing of the petition in bankruptcy. We are of the opinion that the answer, as written, must be taken to have confessed that essential fact. The bill, with perfect explicitness, charged that the appellant, with others,

entertained and acted on the purpose to hinder, delay, or defraud Randall's creditors by a disposition of the lands described in paragraph 4. This fraudulent intent could not have obtained, except upon the idea that the subject of the nefarious purpose and acts was the property of Randall, the debtor. The admission of the existence of the intent and the confession of acts in accord with it leave no room for doubt that Randall's substance was the basis of the condemned transactions. Indeed, the intent and acts looking to effectuate it have, and could only have, their root in the property right of the bankrupt. They grew out of the soil afforded by the debtor's ownership of the land, and from no other source could they have come. Having admitted Randall's ownership of the lands described in paragraph 4 and in the decree, the conveyances, whatever the estate attempted to be conveyed thereby, were immaterial, as tending to show title or its extent vel non, since appellant was estopped to refute the admission carried by the answer.—*McGehee v. Lehman, Durr & Co.,* 65 Ala. 316; *Grenham v. Ware,* 79 Ala. 192.

There is no error in the record, and the decree is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.