# U. S. Fidelity & Guaranty Co., *et al. v.* Pittman, *et al.*

### *Bill for an Accounting.*

(Decided June 5, 1913. 62 South. 784.)

1. *Guardian and Ward; Sureties; Conclusiveness of Adjudication Against Guardian.*—A settlement in the probate court by the administrator of a deceased guardian was res inter alios acta as to the sureties of the guardian, and the decree was not binding thereon.

2. *Same; Liability of Surety.*—After the death of the guardian the liability of his surety can be determined only by bill in equity.

3. *Same.*—Where the decree in the probate court on the settlement of an administrator of a deceased guardian was nearly fruitless because of the insolvency of the guardian, a bill in equity could be maintained against the guardian's sureties.

4. *Same; Parties.*—The personal representative of a deceased guardian was a necessary party to a bill in equity against the surety of the guardian to determine the liability of the surety.

5. *Same.*—On the bill and answer in this case complainants were entitled to an accounting, since a fiduciary relation appeared which involved the duty to account, and while, as a general rule, when a case is submitted on an unsworn bill and answer without testimony, and the answer is a responsive denial of all of the grounds of equity stated in the bill,. it prevailed against the bill, where material matters are stated in the bill which prima facie are within the knowledge or information of respondent and the answer fails to deny them,

[U. S. Fidelity & Guaranty Co., et al. v. Pittman, et al.]

or express a belief in their falsity or to state that respondent cannot form any belief respecting their truth they must be considered as admitted; in such circumstances a general denial or mere demand for proof is not a sufficient denial.

6. *Equity; Bill; Formal Decree.*—Where the contents of the omitted exhibit did not go to the essential equity of the bill, such omission did not render the bill demurrable, although a blank in a bill at a place where an exhibit was called for would have justified the granting of a motion to take the bill off the file.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Eva Pittman and another against the United States Fidelity & Guaranty Company and others, for an accounting. Decree for complainants and respondetss appeal. Affirmed.

PHARES COLEMAN, and STREET & ISBELL, for appellant. The judgment or decree of a court of competent jurisdiction, whether the jurisdiction is exclusive or concurrent, not assailed on error on appeal to an appellate jurisdiction, is final and conclusive; and this finality or conclusiveness applies not only to the facts actually litigated and decided, but to all facts necessarily involved in the judgment or decree. *Waring v. Lewis,* 53 Ala. 615; *Otis v. Dargan,* 53 Ala. 178; *Waldrom v. Waldrom,* 76 Ala. 285; *King v. Smith,* 15 Ala. 270; *Watts v. Gayle,* 20 Ala. 826; *Allman v. Owen,* 31 Ala. 167; *Moore v. Lesueur,* 33 Ala. 237; *Duckworth v. Duckworth's Adm'r.,* 35 Ala. 70; *Barron v. Robinson et al.,* 98 Ala. 351; *Foshee v. McCreary,* 123 Ala. 493. Where in the chancery court a cause is submitted on the bill and answer, without the introduction of testimony, only those facts averred in the bill and which are admitted in the answer to be true can be looked to for the purpose of granting the relief prayed for in the bill. In the absence of an express admission in the answer, the complainant cannot look to any averment in

the bill as the basis for relief. The burden is cast upon the complainant to prove every averment material to the equity of the bill or to the granting of the relief, where it is not expressly admitted in the answer. *Winter v. City Council of Montgomery*, 83 Ala. 589, 592; *Scott, Admr. v. Brassell*, 132 Ala. 660. 663; *Latham v. Staples*, 46 Ala. 462; *City of Mobile v. Fowler*, 147 Ala. 403, 407; *Robbins v. Battle House Co.*, 74 Ala. 499, 505.

JOHN A. LUSK & SON, for appellee. It is not necessary that the ages of complainant should be stated.— 1 Dan. Ch. 203; Sims. Cha. 91; Rule 23, Ch. Pr. The question that the exhibit was not attached was not ground for demurrer, even if it could be otherwise reached.—Sec. 3144, Code 1907; Rule 64 Ch. Pr.; Sims Ch. 549. The execution of the bond and appointment of a guardian for more than one ward is without color of foundation.—*Brunson v. Brooks*, 68 Ala. 248. The only remedy complainants have is within this court.— *Presley v. Weakley*, 124 Ala. 153; *Street v. Henry*, 124 Ala. 153; *Martin v. Ellerbee*, 70 Ala. 326. An answer not under oath is not evidence for any purpose.—*Buchanan v. Buchanan*, 72 Ala. 55. Its admissions are conclusive against respondents.—*Thorington v. City of Montgomery*, 88 Ala. 548. The court had jurisdiction. —Secs. 4428, et seq., Code 1907. A fiduciary relation was shown demanding an accounting.—2 Pom. sec. 931; 4 Elliott, sec. 3220.

SAYRE, J.—Complainants (appellees), by their present guardian, filed this bill for an accounting against their former guardian, J. Grover Pittman, now deceased, and the Fidelity Company as surety on his bond. The deceased guardian is represented in the

cause by the defendant Elrod, appointed to administer the former guardian's estate in succession to George E. Lee, after a decree of insolvency.

The settlement had in the probate court between these complainants and Lee, as administrator of the estate of the former guardian, and the decree there rendered were res inter alios as to the surety, the Fidelity Company. The surety was not, and is not, bound by any judgment or decree rendered against the personal representative of its principal. There was and is no remedy against the surety in a case of this character, involving the trust of a guardianship after the death of the principal, other than a bill in equity. There can be, after the death of the principal, no judicial ascertainment elsewhere of his liability which would conclude the surety.—*Martin v. Ellerbe*, 70 Ala. 326; *Street v. Henry*, 124 Ala. 153, 27 South. 411; *Presley v. Weakley*, 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39. The fact that, under the statute, the ward may have execution against the surety on the guardian's bond, where the guardian himself has settled his trust in the probate court, does not give to the decree even in such case the force and effect of a judgment or decree against the surety, as was pointed out in *Smith v. Jackson*, 56 Ala. 25; *Chancy v. Thweatt*, 91 Ala. 329, 8 South. 283. The decree in the probate court having been fruitless, or nearly so, there can be no doubt of the general equity of the bill in this case against the surety, nor can it be questioned that the presence of the personal representative of the deceased principal is necessary. We are not required at this time to say what effect the probate decree may have in this cause in the way of limiting any decree that may result against the surety.

In appellant's brief two minor points are taken against the form of the bill. They are without merit. Of one of them we will say that if the failure to attach an exhibit at the place where it was called for by the bill be considered as constituting a blank, the bill, for that reason, might have been taken off the file on motion under rule 10 of chancery rules of practice; but the contents of the omitted exhibit did not go to the essential equity of the bill, and this defect could not be reached by demurrer. *McKenzie v. Baldridge,* 49 Ala. 564.

The cause was submitted by complainants for a decree of accounting on the original bill and answer, with exhibits. No testimony was taken, nor did the defendants on their part add anything to the note of submission. The answer, which was not under oath, admitted the substance of paragraphs one and two of the bill, which was that the former guardian had been duly appointed and that the defendant Fidelity Company had become surety on his bond. Paragraph three of the bill averred that "the said J. Grover Pittman, as guardian of the estate of these several complainants, received large sums of money and large amounts of property, a part of the estate of these complainants." In the answer this was met by the general averment that the allegations of the paragraph of the bill in which it is found were untrue. Averments of the fourth and fifth paragraphs of the bill, to the effect that the former guardian died without having settled his guardianship, and that George E. Lee had been first appointed to administer his estate, were admitted to be true. Succeeding paragraphs set forth the facts, to state them in short: (6) That a decree had been rendered in the probate court in favor of complainants against said Lee; (7) that the former guardian's estate had been declared

insolvent; (8) that defendant Elrod had been appointed administrator of the insolvent estate; (9) that defendant Elrod had made a small partial payment on the probate decree in favor of complainants; (10) that the present guardian had been duly appointed; (11) that the liability of the Fidelity Company as guardian had never been determined judicially or settled; and (12) that the separate interests of complainants had never been segregated. These averments the defendants neither admitted nor denied. They demanded strict proof of them. And now defendants say the court could not order them to an accounting without the proof.

Unquestionably the general rule is that when a cause is submitted on unsworn bill and answer without testimony, and the answer is a responsive denial of all the grounds of equity stated in the bill, such answer must prevail against the bill. *Latham v. Staples,* 46 Ala. 462. But where material matters are stated in the bill, which prima facie are within the knowledge or information of the defendant, if in his answer he fails to deny them, or to express his belief of their falsity, and does not state that he cannot form any belief respecting their truth, they must be considered as admitted. A general denial is insufficient. Still less will a mere demand for proof suffice. There should be a clear and distinct response to each averment of the bill; otherwise the answer will be construed against the defendant. *Grady v. Robinson,* 28 Ala. 289; *Smilie v. Siler,* 35 Ala. 88; *Moog v. Barrow,* 101 Ala. 209, 13 South. 665; *Mobile v. Fowler,* 147 Ala. 403, 41 South. 468. Applying these principles to the bill and answer as we have stated them, it is seen that enough appears by the defendant Elrod's express implied admissions to charge him as an accounting trustee. The Fidelity Company's

suretyship for him is expressly admitted. Where a fiduciary relation appears, the duty to account is shown. A trustee is bound to account when the court of equity summons him to do so. Whether he ought to be charged will then appear.

The decree below will be in all things affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.