## Johnson, et al. v. Pinckard & Lay.

### Bill to Cancel Deed and Mortgage.

(Decided May 11, 1916. 72 South. 127.)

1. **Cancellation of Instruments; Mental Incapacity; Proof.**—Since the law presumes every one sane until the contrary appears, a bill to cancel a mortgage and a deed on account of the mental incapacity of the mortgagor and grantor to execute the contract, is not sustained, where complainants made no proof of such incapacity at the time of the execution of the contract.

2. **Equity; Pleading; Admissions by General Denial.**—The rule that where a material matter is charged in the bill which prima facie is within the peculiar knowledge of respondent, and the answer is only a general denial, the matter so charged must be considered as admitted, has no application where the fraud charged against respondent is manifestly within complainant's knowledge.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. W. Johnson and another against Pinckard & Lay, and others, to cancel a mortgage and deed because of mental incapacity of the grantors. From a decree for respondents complainant appeals. Affirmed.

J. M. MILLER, for appellant. GEORGE D. MOTLEY, for appellee.

MCCLELLAN, J.—The submission of this cause in the court below was on the amended bill and on the answer, only. The

[Johnson, et al. v. Pinckard & Lay.]

decree entered by the chancellor gave effect to his conclusion that the complainants (appellants) did not discharge the burden of proof assumed by, and resting on, them under the allegations of the amended bill.

(1) The bill's object was to cancel a mortgage and a deed purporting to have been executed by R. W. Johnson and his wife, E. M. Johnson. The land was the property of R. W. Johnson. The amended bill's averments presented two theories (in the alternative, we will assume for the occasion) under which the cancellations sought were asserted to be complainants' due, viz.: (a) Mental incapacity of R. W. Johnson to enter into or to execute these contracts; and (b) undue influence imposed upon R. W. Johnson wherefrom the contracts in question resulted. Since the law presumes every one sane until the contrary appears, and since these complainants made no proof of R. W. Johnson's mental incapacity at the time of their consummation or execution of the contracts, it is manifest that the complainants were not entitled to the relief sought as upon the theory that Johnson was mentally incapacitated to contract.—*Rawdon v. Rawdon,* 28 Ala. 565; *Pike v. Pike,* 104 Ala. 642, 16 South. 689; *Stanfill v. Johnson,* 159 Ala. 546, 49 South. 223.

(2) The fact that the answer was but a general denial of the matters charged in the amended bill cannot avail the complainants. The rule—stated in *Moog v. Barrow,* 101 Ala. 209, 212, 13 South. 665, and in *Prestridge v. Wallace,* 155 Ala. 540, 544, 46 South. 970, among other decisions delivered here—that where a material matter is charged in the bill, which prima facie is within the peculiar knowledge of the respondent, and the answer is only a general denial, the matter so charged must be considered as admitted, has no application to a case where the matter charged is not within the peculiar knowledge of the respondent so charged.—*City of Mobile v. Fowler,* 147 Ala. 403, 407, 41 South. 468; *U. S. Fidelity Co. v. Pittman,* 183 Ala. 602, 607, 62 South. 784. The matters of fraud asserted against respondents by these complainants were, manifestly, known to complainants and were not matters prima facie within the peculiar knowledge of the respondents.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.