177 So. 900
**COMPTON et al. v. COMPTON et al.**
2 Div. 101.

Supreme Court of Alabama.

Nov. 18, 1937.

Rehearing Denied Jan. 13, 1938.

Thos. H. Boggs, of Linden, for appellants.

S. W. Compton, of Linden, and Crosland & Crosland, of Montgomery, for appellees.

FOSTER, Justice.

This is a suit in equity between the heirs at law of R. J. Compton, deceased, for the partition or sale of the lands of decedent.

The parties made an issue as to advancements, and the chief controversy resulted from that issue. Certain portions of the land were partitioned in kind by a decree of November 12, 1935, and the balance sold for division and the sale confirmed by decree of December 16, 1935. The partition and the sale were made and confirmed without decreeing on the subject of advancements, but the rights of heirs in said partition and sale were expressly made subject to such decree as should be rendered in which that issue should be determined. That issue did come on for hearing. The court heard all the evidence on the subject and rendered a final decree on November 11, 1936. It was later modified in some minor respect. That decree as modified is the subject of this appeal.

■ The court found from the testimony and exhibits that the property and money shown to have been paid by decedent to the heirs were not made and intended as advancements to them, but were made as gifts or as loans, which had been repaid to him before his death. Some of the transactions occurred some forty-five years before the hearing, and forty years before R. J. Compton died. Many witnesses testified to many facts and circumstances, and much of it was disputed, which was material on the issues. In addition, a large number of documents and papers and an account book were introduced in evidence and noted on the submission as evidence and mentioned in the decree of the court, but are not in the transcript nor otherwise before us. There were several occasions when the court sat and heard evidence and gave much care to the trial as is clearly shown.

We have also examined the evidence set out in the record, not including of course the exhibits.

■ For two well-settled reasons we cannot reverse the decree on the issues in question. One is that the witnesses were examined orally before the presiding judge, and the evidence is conflicting on the facts, and inferences. The finding is amply supported by some aspects of the evidence.

■ The other reason is that we will not reverse the trial judge on the facts when a substantial portion of the evidence which was noted and considered in arriving at the conclusion is omitted from the transcript. Wood v. Wood, 119 Ala. 183, 24 So. 841; Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; Patton v. Endowment Department of A. F. & A. M., 232 Ala. 236, 167 So. 323, and cases there cited.

■ The certificate of the clerk to the transcript that it is all the evidence must be taken in the light of the note of testimony and decree of the court referring to the exhibits, as well as the transcript of the evidence to the same effect. Patton v. Endowment Department of A. F. & A. M., 232 Ala. 236, 167 So. 323.

■ We have not overlooked the fact that appellees contend that the settlement of the estate by the administration and distribution of the personalty after paying the debts owing was at least as to advancements in personalty conclusive against the right to make such a claim on the division of the realty. In the first place, the record of such administration is not here shown. The final decree was introduced in evidence, but it is not set

176

out in the record. The cross-bill alleges that no accounting was had on the settlement with respect to advancements, and the late administrator so testified. It is not necessary that we interpret section 7380 et seq., Code, in this respect, since we think the conclusion of the trial court on the evidence as to such advancements should not be disturbed. That decree shows that it was not predicated on that legal contention, though it was made, but on a finding from the evidence that the advances were not advancements.

It is also contended that the answer to the cross-bill does not make an issue of fact as to such advancements, but that it is in such form that the allegations as made in the cross-bill must be. taken as true.

The cross-bill does not allege any sort of ignorance by cross-complainants as to the amount, kind, and value of each advancement alleged to have been made, but, on the contrary, sets out the same in specific terms. It does not seek a discovery, nor does it call upon cross-respondents to set forth such advancements as they have received, and propounds no interrogatories to them in that respect. The answer to the cross-bill, which might be considered as having application to that feature of it, merely denies each and every allegation of the respondents and cross-complainants which controvert the allegations of their original bill and demand strict proof of same. Thereupon cross-complainants did not submit the case on the cross-bill and answer (section 6548, Code), but proceeded to take evidence to prove the allegations, and much evidence was taken by both parties on the question of advancements as though the issue had been fully made in the pleadings.

 It is now claimed that the answer was not sufficient to make an issue in that respect. The claim is that the answer should have gone into detail as to each allegation of advancement, and averred the facts connected with it; or that they were unknown. The rule relied on is that where a material matter charged in the bill is prima facie within the peculiar knowledge of respondent, the answer must be more than a general denial, else it must be considered as admitted. Prestridge v. Wallace, 155 Ala. 540, 46 So. 970; Moog v. Barrow, 101 Ala. 209, 13 So. 665. But this rule only applies when the matter thus alleged is peculiarly within the knowledge of the respondent so charged. John-son v. Pinckard & Lay, 196 Ala. 259, 72 So. 127; City of Mobile v. Fowler, 147 Ala. 403, 41 So. 468; White v. Wiggins, 32 Ala. 424; 21 Corpus Juris, 483, notes 82 and 83; Sims, Chancery Practice, § 489.

This principle was considered by this court in a situation quite similar to that now under consideration, where a general denial was held sufficient, and not to amount to an admission, Savage v. Benham, 17 Ala. 119; and this was approved in White v. Wiggins, supra.

Cross-complainants show no facts which indicate that they do not know as much as cross-respondents in respect to such matters, and make no such allegation. This may be illustrated by the evidence, that shows that the one taking the lead in claiming that advancements were made, lived in the house with his father, the deceased, when he died, and had possession of all his papers showing the facts on which the claim was made as to advancements. While this does not appear in the pleading, neither is there in the pleading anything to show that he did not have possession of all the facts. Moreover, this record indicates that this issue was tried and determined on its merits, and we do not think we should treat it in any different respect.

Upon the whole, we discover no reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.