9 So.2d 875

### WILLIAMS v. WILLIAMS et al.

### 6 Div. 863.

Supreme Court of Alabama.

June 30, 1942.

Rehearing Denied Oct. 8, 1942.

John H. Chapman, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellees.

LIVINGSTON, Justice.

On former appeal it was held that the bill of complaint stated a cause of action and charged the respondent Z. S. Williams with fraud in procuring the deed from Mrs. Elizabeth M. Williams, his mother. See Williams v. Williams, 238 Ala. 637, 193 So.

167, for a clear and concise statement of the case made by the bill of complaint.

To the bill there held sufficient on demurrer, the respondent T. A. Smith filed the following separate answer: "This respondent denies each and every averment contained in the bill of complaint."

The separate answer of respondent Z. S. Williams to the bill is as follows: "This respondent denies all the averments contained in the bill of complaint."

After the foregoing answers were filed, the parties proceeded to examine witnesses by deposition, and submitted the cause for final decree. The trial court made and entered the following decree:

"In this case, before the complainant can recover, the burden is on her to establish two questions:

"1. Did the defendant, Z. S. Williams, agree to pay as a part of the purchase price of the lands involved in this suit, three mortgages: one to the Federal Land Bank of New Orleans, one to H. O. Holmes, and one to Ella Hubbard?

"2. At the time of the execution of said deed and the making of said promise, did he have the purpose or intention not to pay said mortgages?

"The evidence is in conflict on the first proposition. The complainant's evidence tends to show that he did make such a promise, and the evidence of the defendant tends to show that he made no such promise. The records in the bankrupt court strongly tend to show that Williams recognized these debts. Conceding that he did make such a promise, the next question is, did he make it for the purpose of defrauding his mother and that fraud consisting of the promise to pay when he had no intention of doing so? The mere fact that he promised to pay and did not do it does not authorize the conclusion that he had no intention of doing so at the time of the transaction, nor is the fact that during this period he had some money but instead of applying it on these debts he applied it on other debts or paid current expenses of living, sufficient to authorize such a conclusion. This is the substance of the evidence produced by the complainant on that question. On the other hand, the evidence shows without conflict that the defendant, Williams, did make the payments on the Federal Land Bank mortgage as he agreed to do; and in addition thereto, the evidence conclusively shows that during

334

the negotiations for the land he expressed a willingness for the other member of the family to take the land and pay the debts. All this sheds direct light upon his intentions at the time of the alleged transaction, which strongly tend to refute any idea of fraud or deception. In short, our conclusion is that the complainant has failed to discharge the burden of proof resting upon her on this point, and this conclusion disposes of the case adversely to the complainant.

"It is, therefore, considered, ordered, adjudged and decreed by the court, that the complainant is not entitled to relief in this cause, and that her bill of complaint be and the same is hereby dismissed out of this court."

■ Appellant strenuously urges upon us the applicability of the rule that where a material matter charged in the bill is prima facie within the peculiar knowledge of respondent, the answer must be more than a general denial, or else it must be considered as admitted. Smilie v. Siler's Adm'r, 35 Ala. 88–94; Grady v. Robinson, 28 Ala. 289, 300; Moog v. Barrow, 101 Ala. 209, 13 So. 665; Prestridge v. Wallace, 155 Ala. 540, 46 So. 970; Gamble v. C. Altman & Co., 125 Ala. 372, 28 So. 30; Penney v. McCulloch, 134 Ala. 580, 33 So. 665; Donald v. Reynolds, 228 Ala. 513, 154 So. 530.

The fraud charged is a promise made with the intention in the mind of the promisor not to perform it at the time made. It is difficult to see how such a charge can be answered, other than by a general admission or general denial. We think a general denial of the charge made was sufficient. See Savage v. Benham, 17 Ala. 119; White v. Wiggins, 32 Ala. 424; Compton v. Compton, 235 Ala. 174, 177 So. 900; 21 Corpus Juris 483; 30 C.J.S., Equity, § 347; Sims Chancery Practice, section 489 et seq.

■ Moreover, the record shows that the issue of fraud was tried on the merits, and we do not think we should now, in the absence of some objection made in the lower court, treat it in any different respect. Compton v. Compton, supra.

■ On the question of fact presented to the trial court, the evidence was taken by deposition of the witnesses, and not ore tenus before the court. Where such is the procedure in the lower court, we are compelled, on appeal, to review and sit in judgment on the evidence. Goehler v. Burns, 234 Ala. 619, 176 So. 192; Timmerman v. Martin, 234 Ala. 622, 176 So. 198; Blair v. Jones, 201 Ala. 293, 78 So. 69; Andrews v. Grey, 199 Ala. 152, 74 So. 62. This duty we have performed.

■ It could serve no useful purpose to here set forth the evidence. Suffice it to say, that after due and careful consideration of all the evidence, we are in accord with the finding of the trial court. The cause is due to be and is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.