251 So.2d 368

**Claude E. SHELL**

v.

**Charles W. RAMEY et al.**

6 Div. 805.

Supreme Court of Alabama.

June 30, 1971.

Rehearing Denied Aug. 26, 1971.

McEniry, McEniry & McEniry, Bessemer, for appellees.

Huey, Stone & Patton, Bessemer, for appellant.

McCALL, Justice.

The complainant, in this case, Claude E. Shell, who appeals, seeks under his bill of complaint to establish, with the respondent, Charles W. Ramey, the appellee, equal rights in a written contract to purchase real property. Ramey, as vendee, made the contract with United States Steel Corporation (United States Steel) on February 22, 1965. The trial court found for the respondent Ramey and rendered a final decree in his favor. It is from this decree that the complainant Shell appeals.

Shell contends that prior to February 22, 1965, the date of the written contract to purchase from United States Steel, he and the respondent Ramey agreed that they would jointly purchase 198.96 acres of land and all contracts, instruments and deeds executed in pursuance of that agreement would be for the mutual benefit of each of

them and that their interests would be equal. He asserts that in pursuance of this agreement, Ramey made the above mentioned contract of February 22, 1965, to purchase the 198.96 acres from United States Steel, and that notwithstanding Ramey is named as the sole purchaser, the contract was for the joint and equal benefit of both parties. Further, the appellant insists that in accordance with their joint and equal rights under this contract, the two of them acquired one parcel, consisting of 29.70 acres, which is designated as Tract No. 1. This was conveyed to them by United States Steel's deed dated April 13, 1965. Shell complains that Ramey has since denied him further rights under the contract, and, in violation of their agreement and without his knowledge and consent, in an effort to defraud him of his interest and rights, Ramey has executed to the respondent City of Bessemer written options to purchase Tract Nos. 2, 3, and 4 of the land, and has requested United States Steel to convey these tracts to the city.

Ramey denies that he ever made an agreement, with Shell, orally or in writing, which would give the latter an interest in the subject real property, except that he asked Shell to join him in the purchase from United States Steel of the single Tract No. 1, and Shell accepted. Ramey claims the contractual rights in the remaining real property described in United States Steel's contract of February 22, 1965.

The trial court did not err in overruling Shell's demurrer, as amended, to Ramey's Plea II(a), as amended. The appropriate method of testing the plea in equity was to set the same down for a hearing as to its sufficiency. Thomas v. State, 241 Ala. 381, 2 So.2d 772; Bain v. Mazel, 275 Ala. 531, 156 So.2d 624.

Shell contends that the decree which was rendered, denying him the relief prayed for, is wrong for the following reasons:

"1. The decree is based upon a finding of facts outside of the issues made by the pleadings in the case in that Ramey's answer and special plea II(a) do not traverse or confess and avoid the allegations of the bill as to the existence of the contract sought to be enforced.

"2. The failure of Ramey to deny or confess and avoid the existence of the contract sought to be enforced constitutes an admission (confession) of the existence of such contract and entitled Shell to the relief prayed for.

"3. The decree is so contrary to the great weight of the evidence as to be plainly erroneous and unjust."

The principal averments of paragraph 2 of the bill are: "2. That prior to, towit (sic), the 22nd day of February 1965, Complainant and the Respondent Charles W. Ramey entered into an agreement whereby they would jointly purchase 198.96 acres of land, * * * and that all contracts, instruments and deeds executed in pursuance of said agreement would be for the mutual benefit of each and their interests therein would be equal."

The appellee answered this paragraph 2 by averring: "2(a). Your Respondent would deny the allegations contained in Paragraph 2 but would offer to show that in accordance with the contract attached hereto as Exhibit 'A', he and only he had a contract to purchase the lands from the United States Steel Corporation all in accordance with the terms of said contract; he would further aver that by virtue of Exhibit 'B' attached hereto this Respondent did transfer to Complainant an undivided interest in and to Tract No. 1 as shown and described as Tract No. 1, in Exhibit 'A' but specifically reserved unto himself Tract Nos. 2, 3, 4 and 5 in Exhibit 'A' and that based on the terms of Exhibit 'A' and Exhibit 'B', the United States Steel Corporation did make a deed to the Complainant and this Respondent jointly and that the title to the property described as Tract No. 1 in Exhibit 'A'

is presently held jointly by the Complainant and Respondent. Your respondent would deny that the contract (Exhibit 'A') was ever intended to be or was made for the mutual benefit of the Complainant and this Respondent or that their interest therein would be equal, but rather that this contract was solely the contract of the Respondent and that only the lands described in Tract No. 1 were to be owned jointly and that only by virtue of Exhibit 'B'."

In his brief, the appellant notes that the word "but" is used as a conjunction and, in Webster's Third New International Dictionary, is defined as "except" or "except for the fact." Then Shell makes the point that his alleged agreement with Ramey was made prior to February 22, 1965, yet Ramey states in his answer that he would deny paragraph 2 of the bill, but (except for the fact) he alone has the said contract with the steel corporation. He concludes that this is not an unqualified denial of the averments of paragraph 2 of the bill, and therefore the agreement which the complainant avers must be treated as admitted.

We think that the respondent's averment that he "would deny the allegations contained in paragraph 2" expresses an unequivocal denial of the averments of that paragraph of the bill. "Would" is used in the auxiliary function to express disposition. Webster's Third New International Dictionary. We do not construe the respondent's phraseology following the word "but," as presenting a qualified answer.

Following Ramey's denial of the agreement "but" is used not as a limitation on the respondent's denial, but in contradiction of (on the contrary to) the existence of the alleged prior agreement between the parties. The office and effect of the use of the word "but" both as a preposition and as a conjunction, connecting the thought contained in the words following, with that which immediately precedes is discussed in 12 C.J.S. p. 858. Here "but"

means "on the contrary," not to the respondent's denial, but, on the contrary to the appellant's contention of a prior existing agreement with the respondent to purchase 198.96 acres, Ramey would offer to show that he and only he had the contract of February 22, 1965, to purchase from United States Steel. We think the thought contained in the words following "but" is defensive matter. Equity Rule 16 states "* * * a defendant may incorporate all matters of defense in his answer, * * *", and Equity Rule 25 provides in part: "A defendant shall incorporate in his answer all the defenses which he desires to set up, which he has not already presented by plea. * * *." The appellant's objections on these questions are not well taken.

Next the appellant states that by filing a general denial to the allegation in the bill of an existing agreement, the respondent has failed to confess the existence of the alleged agreement, or to confess and avoid it, or to deny it by fairly meeting the substance of the averments denied, and, therefore the averments as to the existence of such agreement must be taken as admitted.

The appellant cites as authority for his position, with other decisions also, the case of Grady v. Robinson, 28 Ala. 289. There the court observed that the point to be decided was, whether the defendant was a member of a certain partnership. The answer denied, in general terms, that the defendant was a partner; but the denial was connected with a statement of facts, in such a manner as to show, in the judgment of the court, that it was based upon the facts stated, was a conclusion inferred therefrom, and was made merely on account of those facts and by authority of them, and was intended to be a denial only so far as was justified by those facts. The facts did not negative the averment that the defendant was a partner, but were regarded as virtually admitting it. There was, therefore, in that case, really no denial of the controverted fact. See White v. Wiggins, 32 Ala. 424, for this discussion.

In his answer, Ramey plainly denies that there was any such agreement as contended for by the appellant. We think this distinguishes the two cases.

The bill does not allege any sort of ignorance about the alleged agreement on Shell's part. It does not seek discovery of any facts relating to the agreement. On Ramey's denial, Shell offered evidence in open court to prove the agreement. In fact, much evidence was taken by both sides on the question of the agreement's existence as though the issue had been fully made. We think the case of Compton v. Compton, 235 Ala. 174, 176, 177 So. 900, 902 is in point. There the court said:

"* * * The rule relied on is that where a material matter charged in the bill is prima facie within the peculiar knowledge of respondent, the answer must be more than a general denial, else it must be considered as admitted. Prestridge v. Wallace, 155 Ala. 540, 46 So. 970; Moog v. Barrow, 101 Ala. 209, 13 So. 665. But this rule only applies when the matter thus alleged is peculiarly within the knowledge of the respondent so charged. Johnson v. Pinckard & Lay, 196 Ala. 259, 72 So. 127; City of Mobile v. Fowler, 147 Ala. 403, 41 So. 468; White v. Wiggins, 32 Ala. 424; 21 Corpus Juris, 483, notes 82 and 83, Sims, Chancery Practice, § 489.

"This principle was considered by this court in a situation quite similar to that now under consideration, where a general denial was held sufficient, and not to amount to an admission, Savage v. Benham, 17 Ala. 119; and this was approved in White v. Wiggins, supra."

We add that we know of nothing that Ramey could have stated in his answer other than either to have admitted the charge, or to have flatly denied it.

In Williams v. Williams, 243 Ala. 332, 334, 9 So.2d 875, 876, as here, the appellant urged the applicability of the rule that where a material matter charged in the bill is prima facie within the peculiar knowledge of the respondent, the answer must be more than a general denial, or else it must be considered as admitted. In that case the court said:

"The fraud charged is a promise made with the intention in the mind of the promisor not to perform it at the time made. It is difficult to see how such a charge can be answered, other than by a general admission or general denial. We think a general denial of the charge made was sufficient. See Savage v. Benham, 17 Ala. 119; White v. Wiggins, 32 Ala. 424; Compton v. Compton, 235 Ala. 174, 177 So. 900; 21 Corpus Juris 483; 30 C.J.S., Equity, § 347; Sims Chancery Practice, section 489 et seq."

For the reasons above stated, the respondent's answer in the form of a general denial was not insufficient.

The substance of paragraph 3 of the bill is that in pursuance of said agreement, a contract to purchase said land was entered into on February 22, 1965, and notwithstanding the fact that Ramey is named as the sole purchaser, it was for the joint and equal benefit of both Shell and Ramey. Ramey answers by agreeing that the contract of February 22, 1965, was made between United States Steel and himself, but he denies that such contract was for the joint and equal benefit of Shell and him. We disagree with appellant's contention that Ramey has failed to answer fully the averments of paragraph 3. The effect of Ramey's answer that he denies that this contract was for the joint and equal benefit of Shell and him, is to completely traverse Shell's contrary averment. In paragraph 4 Shell avers that he and Ramey acquired Tract No. 1 of the land in accordance with their joint and equal rights under the United States Steel contract of February 22, 1965. Ramey's answer is in essence that Tract No. 1 was acquired by Shell and him by deed, but that Shell was a grantee only as a result of Ramey's instrument of conveyance to him. The effect

of Ramey's answer is to deny the substance of Shell's averment that they acquired Tract No. 1 in accordance with their joint and equal rights under the contract with United States Steel. We think that Ramey, by his answer has met the averments pleaded against him.

[5] The trial court concluded from the evidence and decreed that Ramey at no time entered into any agreement, oral or otherwise, with Shell to convey to him any interest in Tract Nos. 2, 3, 4, and 5. If the evidence supports the court's decree in this respect, it becomes unnecessary for us to consider argument that the alleged agreement was not shown to be written or oral, or was within the statute of frauds. Even the appellant himself suggests that the equity of the bill here is based entirely upon the existence of the alleged contract. This issue being foreclosed against the appellant, we pretermit consideration of the foregoing arguments and turn to the appellant's next point that the decree rendered by the court is so contrary to the great preponderance of the evidence as to be plainly erroneous and unjust. We have carefully read the appellant's brief, and the recitation of the testimony of the witnesses set forth therein, as well as the transcript of the evidence. The evidence, which is in conflict as to material issues of fact, was taken ore tenus before the court. We conclude after due and careful consideration of all the evidence that such was ample to support the findings of the court and the final decree rendered by the court. Therefore we will not disturb it. Adams v. Baker, 268 Ala. 256, 105 So.2d 703; Orton v. Gay, 285 Ala. 270, 231 So. 2d 305; Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598. There being no reversible error in the record, the final decree of the trial court is due to be and is affirmed.

Affirmed.

HEFLIN, C. J., and SIMPSON, BLOODWORTH and MADDOX, JJ., concur.